OPINION
Defendant-appellant Mark Brooks appeals from the denial of his motion for relief from judgment, filed pursuant to Civ.R. 60(B). Brooks contends that the trial court erred by failing to grant his motion, and by rendering a default judgment against him on his underlying claim. From our review of the record, we conclude that Brooks has failed to appeal from the default judgment, itself. However, we conclude that the trial court abused its discretion by overruling the motion for relief from judgment. Therefore, the judgment of the trial court denying his motion for relief from the default judgment is Reversed, and this cause is Remanded for further proceedings.
 I
On January 20, 2000, North American Security Solutions, Inc. ("NASSI") filed suit against Mark Brooks alleging a breach of contract. Brooks was properly served on January 27, 2000.[1] NASSI filed a motion for default judgment on March 7, 2000, and judgment was entered accordingly on that date. Subsequently, Brooks, acting pro se, filed various documents including an answer, counterclaim, and motions to dismiss as well as for default judgment. NASSI filed a motion to strike all of the pleadings filed by Brooks on the grounds that they were filed after the entry of a valid judgment. This motion was granted by the trial court which held that all of the pleadings were untimely and that some of the pleadings "were not even filed with the Clerk of Courts."
Thereafter, on July 3, 2000, Brooks filed a motion to vacate the judgment, pursuant to Civ.R. 60(B). The motion was overruled without hearing. From the denial of his motion for relief from the default judgment rendered against him, Brooks appeals.
 II
Brooks' First Assignment of Error states:[2]
THE TRIAL COURT ERRED BY FAILING TO GRANT THE CIV.R. 60(B) MOTION. Brooks contends that he established entitlement to Civ.R. 60(B) relief because he made a showing of mistake and excusable neglect.
Civ.R. 60(B) provides, in pertinent part, that a "* * * court may relieve a party * * * from a final judgment * * * for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence* * * *; (3) fraud * * *; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment." Whether to grant a Civ.R. 60(B) motion to vacate a judgment is left to the sound discretion of the trial court, and will not be reversed absent an abuse of that discretion. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 103. The term "abuse of discretion" implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the moving party must demonstrate: (1) that he has a meritorious defense to present if relief is granted; (2) that he is entitled to relief on one of the grounds set forth in Civ.R. 60(B)(1) through (5); and (3) that the motion for relief was timely filed. GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
In this case, there is no doubt that the motion was timely filed. We also find that the record reveals that Brooks' proffered answer did set forth a meritorious defense to the underlying litigation. Therefore, the issue presented for our review is whether Brooks has demonstrated that he is entitled to relief pursuant to Civ.R. 60(B). The record reveals that the attorney for NASSI was contacted by at least two attorneys on Brooks' behalf regarding the underlying litigation. Ultimately however, neither of the attorneys was retained by Brooks. Instead, Brooks, who at the time resided in Missouri, decided to represent himself.
In his Civ.R. 60(B) motion, Brooks contended that he timely mailed his answer, counterclaim and various other documents via Federal Express on February 22, 2000. He claimed that the documents, which were addressed to the Common Pleas Court of Montgomery County, were received, and signed for, by a court bailiff on February 23, 2000, at 11:16 p.m. The trial court's bailiff mailed the package back to Brooks on March 15, 2000, after the default judgment was entered. The answer, therefore, was not filed of record. Brooks then mailed the documents to the Montgomery County Clerk of Courts for filing.
Clearly, Brooks attempted to file an answer in a timely manner by mailing the document to the trial court's chambers. We acknowledge that pro se litigants are normally bound by the same standard as those represented by counsel. Meyers v. First National Bank of Cincinnati (1981), 3 Ohio App.3d 209, 210, syllabus. However, we note that the error in improperly addressing the package to the Montgomery County Common Pleas Court rather than to the Clerk of Courts, located at the same address and in the same building, was minor. Moreover, had the bailiff returned the package prior to the entry of the default judgment, Brooks might have had the opportunity to properly file his answer prior to the entry of judgment, and this matter could have proceeded accordingly. At the very least, the trial court was made aware, prior to the entry of the default judgment, that Brooks intended to defend the lawsuit, and that default judgment was therefore improper, at least without notice of the motion for default judgment, and an opportunity to be heard on the motion. We conclude that Brooks' motion demonstrated that the failure to properly file an answer was the result of mistake or excusable neglect, and that he is, in this case, entitled to relief pursuant to Civ.R. 60(B)(1).
Accordingly, the First Assignment of Error is sustained.
The Second Assignment of Error is as follows:
 III THE TRIAL COURT ERRED BY FAILING TO PROVIDE BROOKS WITH NOTICE PRIOR TO RENDERING DEFAULT JUDGMENT AGAINST HIM.
Brooks contends that the trial court erred by granting default judgment to NASSI without providing him with notice that the motion for judgment was pending.
Civ.R. 55(A) provides that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules * * *," the trial court may, upon proper motion, enter a default judgment against that party. However, "if the party against whom a default judgment is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." Id.
Brooks contends that he was entitled to the seven-day notice provided for in the rule because he had "appeared" in the action. In support, he relies on an opinion by this court which contains language indicating that when plaintiff's counsel has engaged in conversations with defendant or defense counsel, and is made aware that the defendant intends to present a defense to the claims made, he has "appeared" in the action for purposes of Civ.R. 55(A) and is thus, entitled to notice. See, Miamisburg Motel v. Huntington Nat'l Bank (1993), 88 Ohio App.3d 117. Brooks attached letters to his appellate brief, which he contends show that his former attorney had expressed, to counsel for NASSI, an intent to defend the case on his behalf.
We note that these letters were not presented to, nor admitted by, the trial court, and therefore, we cannot consider them. App.R. 9(A); Merillat v. Fulton Cty. Bd. of Commrs. (1991), 73 Ohio App.3d 459, 463, citations omitted. However, as noted in connection with the first assignment of error, the trial court received Brooks' answer to the complaint prior to the entry of the default judgment. Therefore, the trial court should have been alerted to the fact that Brooks intended to defend the suit, and it should have afforded him the seven-day notice provided for by Civ.R. 55.
The Second Assignment of Error is sustained.
 VI
Both of Brooks' assignments of error having been sustained, the decision of the trial court denying Brooks' motion for relief from the default judgment rendered against him is Reversed, and this cause is Remanded for further proceedings.
GRADY and YOUNG, JJ., concur.
[1] Brooks admits that he was properly served with process in this action.
[2] We note that the appellate brief filed by Brooks fails to set forth any assignments of error. However, it does include a statement of issues presented. From those statements, we have inferred his assignments of error to be as recited in this opinion.