This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Laura A. DeYoung Arnold ("Laura") has appealed from an order of the Summit County Court of Common Pleas, Domestic Relations Division, that denied her motion for relief from judgment pursuant to Civ.R. 60(B). This Court affirms.
 I
{¶ 2} Laura and Richard W. Arnold ("Richard") were married in October 1996. In June 1999, Laura filed a complaint for divorce. The case was scheduled for trial on a contested basis on July 20, 2000. On that date, the parties entered into a an in-court settlement agreement on all issues, and the terms of the agreement were incorporated into the final divorce decree entered on December 1, 2000.
{¶ 3} On August 16, 2001, Laura filed a motion for relief from judgment pursuant to Civ.R. 60(B). In her motion, Laura alleged that Richard willfully failed to disclose his interest in a lawsuit worth approximately $100,000. Laura argued that Richard's alleged failure to disclose his interest in the suit violated a provision of the separation agreement, wherein each party represented that he or she completely disclosed all assets in which they held an interest. Richard filed a memorandum in opposition to the motion.
{¶ 4} The trial court subsequently held a hearing on Laura's motion, at which each party presented evidence and argued its position. Many of the facts underlying Laura's motion were not in dispute. Essentially, Richard is an attorney who was employed by a firm representing certain plaintiffs (the "Galmishes") in a suit on a contingency fee basis. While the parties were still married, the trial court rendered judgment in favor of the Galmishes for over $1,400,000. In June 1999, the judgment in favor of the Galmishes was reversed by the Fifth District Court of Appeals. In September 2000, the Ohio Supreme Court reversed the judgment of the court of appeals and reinstated the trial court's judgment. On January 16, 2001, Richard received his share of the attorney's fees from the Galmishes' case in the amount of $113,106.37. In her motion, Laura alleged that Richard willfully failed to disclose his interest in the Galmishes' case at the time the divorce proceedings were pending.
{¶ 5} On March 28, 2002, the court entered an order denying Laura's motion for relief from judgment on the ground that the motion was not made within a reasonable time. Laura has timely appealed from the denial of her motion, asserting one assignment of error.
 II Assignment of Error {¶ 6} "THE TRIAL COURT ERRED IN DENYING [LAURA'S] MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO [CIV.R. 60(B)] BY FINDING THAT [LAURA] HAD NOT FILED HER MOTION WITHIN A REASONABLE TIME."
{¶ 7} In her sole assignment of error, Laura has argued that the trial court erred by denying her motion for relief from judgment. Laura has contended that her motion was filed within a reasonable time, and otherwise satisfied the requirements of Civ.R. 60(B).
{¶ 8} Laura's motion sought relief pursuant to Civ.R. 60(B)(2) and (3), which provides:
 {¶ 9} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ.R. 59(B)]; [or] (3) fraud * * *, misrepresentation or other misconduct of an adverse party[.]"
{¶ 10} The Ohio Supreme Court has held that:
 {¶ 11} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 12} "While a party may have a possible right to file a motion to vacate a judgment up to one year after the entry of judgment, the motion is also subject to the `reasonable time' provision. See Staff Notes, Civil Rule 60(B). In other words, a motion may be filed within 1 year under Civil Rule 60(B) but still may not be considered within a `reasonable time.'" Adomeit v. Baltimore (1974) 39 Ohio App.2d 97, 106.
{¶ 13} In addition, "[t]he burden is on the moving party to justify any delays in submitting the request for relief." La Pointe v.Ohio Freight Forwarders (Nov. 13, 1991), 9th Dist. No. 15083, at 6 (rejecting motion filed after an unexplained delay of three hundred sixty-one days). The determination of what constitutes a reasonable time is left to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of that discretion. Miamisburg Motelv. Huntington Natl. Bank (1993), 88 Ohio App.3d 117, 128. An abuse of discretion is more than merely an error of judgment; instead, it connotes and attitude that is unreasonable, arbitrary, or unconscionable. Berk v.Mathews (1990), 53 Ohio St.3d 161, 169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
{¶ 14} In her motion for relief from judgment, Laura argued that her motion was timely filed because it was brought less than one year from the date on which the final divorce decree was entered. In his memorandum in opposition, Richard argued that the motion was not brought within a reasonable time because it was filed thirteen months after the parties entered into their in-court settlement agreement, and eight and one-half months after the judgment entry of divorce was filed. Richard further contended that Laura had personal knowledge of the pendency of the Galmishes' case throughout the course of the marriage, as well as throughout the divorce proceedings. Richard averred that Laura participated both "in the elation of counsel" in 1997 when the jury returned its verdict in the Galmishes' case, and "in the disappointment of counsel" when the appellate court reversed the judgment. Given Laura's awareness of Richard's interest in the Galmishes' case, and the Ohio Supreme Court's reinstatement of the trial court's judgment in September 2000, Richard argued that Laura's motion, filed August 16, 2001, was not filed within a reasonable time.
{¶ 15} Along with his memorandum in opposition to the motion, Richard filed an affidavit in which he testified that Laura was informed by himself and by others of the trial court's judgment in the Galmishes' case, and of the fact that Richard's law firm would be entitled to a sizeable attorney's fee. Richard also averred in the affidavit that Laura was informed of the adverse ruling issued by the court of appeals in June 1999.
{¶ 16} Mr. John Ross, an attorney who worked with Richard at the firm that handled the Galmishes' case, testified at the evidentiary hearing on Laura's motion. Mr. Ross testified that he was a guest at the Arnolds' home in 1997 when the Galmishes' case was discussed, and Laura was present on that occasion. Mr. Ross further testified that he had subsequent conversations with Laura regarding whether or not the judgment would ever be collected, and that Laura knew the amount of the judgment.
{¶ 17} Laura testified that she first became aware of Richard's interest in the Galmishes' case on March 21, 2001, when a friend e-mailed her the Ohio Supreme Court's ruling. Laura denied that she had any conversations with Mr. Ross regarding the Galmishes' case, and testified that she had no knowledge as to the particulars of the Galmishes' case at or about the time the divorce decree was filed in December 2000.
{¶ 18} Based on all the foregoing testimony, the trial court concluded that Laura "knew or should have known about the judgment from the lawsuit in question prior to the conclusion of the parties' divorce and certainly prior to August 16, 2001 when she filed her motion for relief from judgment." The court further found that "[i]t is inconceivable to the Court that [Laura] has no recollection of any of the facts testified to by [Richard] and Attorney Ross."
{¶ 19} Laura has failed to demonstrate that the trial court abused its discretion in determining that she did not file her motion for relief from judgment within a reasonable time. Laura has insisted that she did not learn of the Ohio Supreme Court's ruling in the Galmishes' case until March 2001. However, having heard the testimony and observed the demeanor of the witnesses, the trial court was in the best position to assess their credibility. See Jackson v. Jackson (2000), 137 Ohio App.3d 782,797. The trial court's conclusion that Laura was aware of Richard's interest in the Galmishes' case at the time the divorce proceedings were pending is supported by the testimony of Richard and Mr. Ross. Accordingly, the trial court's decision that Laura's motion for relief from judgment was not filed within a reasonable time was not unreasonable, arbitrary, or unconscionable. Laura's assignment of error is without merit.
 III
{¶ 20} Laura's sole assignment of error is overruled. The judgment of the trial court is affirmed.
SLABY, P.J. CONCURS, CARR, J., CONCURS IN JUDGMENT ONLY.