{¶ 20} The trial court vacated the default judgment it had granted Plaintiff Allstate Insurance because Defendant Hunt lacked notice of Allstate's motion for default judgment, which Civ.R. 55(A) requires the movant to serve on the adverse party at least seven days prior to a hearing on the motion when the adverse party has made an appearance in the action. The court found that Hunt made an appearance because "plaintiff and defendant had discussed the case after service was made." Evidence of that discussion was offered through the affidavit of Allstate's attorney, who stated: "On or about March 9, 2004, Mr. Hunt contacted me to discuss the Amended Complaint filed against him. Mr. Hunt stated he was upset regarding the lawsuit and stated Ms. Ogden[1] was trying to get rich at his expense. I then informed Mr. Hunt he should either engaged (sic) counsel or, if his car was insured, turn the amended complaint over to his insurance carrier." Hunt apparently did neither.
 {¶ 21} In Miamisburg Motel v. Huntington Nat'l Bank (1993),88 Ohio App.3d 117, we held that a default judgment obtained without notice and hearing may be vacated pursuant to Civ.R. 60(B)(5) because a Defendant "appears in the action, and is thus entitled to notice of the application for default judgment, when that party clearly expresses to the opposing party an intention and purpose to defend the suit, regardless of whether a formal filing was made." Id., at 126. There, the defendant's attorney had clearly expressed that intention and purpose, and was led by the plaintiff's attorney to believe he would have additional time to file a responsive pleading while settlement negotiations continued. Instead, the defendant's attorney moved for and obtained a default judgment without notice to the defendant.
 {¶ 22} The majority affirms the trial court's order granting Defendant Hunt's motion for Civ.R. 60(B) relief on the authority of Miamisburg Motel, yet the two cases differ in their essential elements. In the present case, Allstate's attorney didn't dissuade Defendant Hunt from filing responsive pleadings. Instead, he encouraged Hunt to take steps that would likely have produced that result. Hunt didn't rely on any assurances he got from Allstate's attorney, because no assurances were given. Instead, Hunt elected to do nothing. And, Hunt didn't clearly express an intention to defend the litigation, but merely protested its fairness. In that circumstance, the form of "appearance" we recognized in Miamisburg Motel is not shown, and the trial court abused its discretion when it found that Hunt had appeared in the action.
 {¶ 23} The rule of Miamisburg Motel focuses on the fact of the litigation and the defendant's expressed intention to defend his rights in that proceeding, which at least accords with the notion of an "appearance." Nothing of the sort happened here. Allowing a defendant who has done nothing more than place a telephone call to the plaintiff's attorney to escape the consequences of his own further inaction, especially in reliance on Civ.R. 60(B)(5) which has no specific time limit, potentially endangers the stability of default judgments that were properly obtained, long after they were.
 {¶ 24} I would reverse and vacate the order from which the appeal was taken.
[1] Allstate's subrogee.