[Cite as *LexisNexis v. Holmes*, 2017-Ohio-1388.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY**

LEXISNEXIS, a Division of RELX, Inc.    :
                                       :    Appellate Case No. 27238

       Plaintiff-Appellee         :

                                          :    Trial Court Case No. 16-CV-2076

v.                                       :

                                        :    (Civil Appeal from

THOMAS T. HOLMES, Esq.       :     Common Pleas Court)

                                        :

       Defendant-Appellant     :

                                        :

. . . . . . . . . . .

O P I N I O N

Rendered on the 14th day of April, 2017.

. . . . . . . . . .

ANDREW C. STORAR, Atty. Reg. No. 0018802, MICHAEL W. SANDNER, Atty. Reg. No. 0064107, and MICHELLE T. SUNDGAARD, Atty. Reg. No. 009606, Pickrel, Schaefer & Ebeling Co., 2700 Kettering Tower, Dayton, Ohio 45423
      Attorneys for Plaintiff-Appellee

THOMAS T. HOLMES, Atty. Reg. No. 0024603, 3285 Grenway Road, Shaker Heights, Ohio 44122
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Thomas Holmes appeals from the trial court's overruling of his Civ.R. 60(B) motion for relief from the default judgment entered for LexisNexis and the court's overruling of his motion to transfer the case. Finding no error, we affirm.

## I. Background

{¶ 2} Holmes, an attorney in Shaker Heights, Ohio, entered into a Subscription Agreement with LexisNexis in May 2014 for online research services. Holmes failed to pay in March 2015, and the following September, LexisNexis cancelled the services for non-payment. In April 2016, LexisNexis filed suit against Holmes claiming breach of contract and asking for declaratory judgment. LexisNexis claimed that Holmes owed it $11,768.73 plus interest. The record shows that Holmes was served with the complaint on May 4. On May 23, Holmes called LexisNexis's attorney and asked for a three-week extension to file an answer. Although Holmes' affidavit concerning the phone conversation for the extension contains some uncertainty, at the least, LexisNexis's attorney acquiesced to and did not oppose the extension, and does not challenge it here. Holmes did not notify the trial court of the extension and did not otherwise document it.

{¶ 3} On June 7, the trial court issued a notice of default to LexisNexis that service had been perfected and it appeared that the defendant was "in default for answer or appearance." The court's notice indicated that LexisNexis should either dismiss the action or ask for a default judgment. *See* Mont. Co. C. P. R. 2.01. On June 16, LexisNexis filed an application for a default judgment. The trial court granted the application and the next day, June 17, entered default judgment against Holmes for $11,768.73 plus $2,346 in attorney fees plus interest and costs. The court also declared that the Subscription

Agreement was valid and enforceable. Holmes was served with the default judgment on June 20.

{¶ 4} On June 22, Holmes filed a motion to transfer the case to Cuyahoga County on venue grounds. The trial court concluded that the motion was moot because judgment had already been entered. On July 11, Holmes filed a motion for relief from the default judgment under Civ.R. 60(B)(1) and another motion to transfer the case. The trial court overruled both motions.

{¶ 5} Holmes appealed.

## II. Analysis

{¶ 6} Holmes assigns three errors to the trial court. The first assignment of error argues that the court erred by failing to comply with the notice and hearing requirements in Civ.R. 55(A). The second assignment of error argues that the trial court erred by overruling the Civ.R. 60(B) motion. And the third assignment of error argues that the trial court erred by overruling the motion to transfer the case.

{¶ 7} Civ.R. 60(B) permits a court to grant a party relief from a final judgment. To prevail under Civ.R. 60(B), the movant must satisfy a three-prong test. The moving party must show that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time." *GTE Automatic Electric v. Arc Industries,* 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). "Motions for relief from judgment under Civ.R. 60(B) are addressed to the sound discretion of the trial court, and the court's ruling 'will not be disturbed on appeal absent a showing of abuse of discretion.' " *Jackson v. Hendrickson,* 2d Dist. Montgomery No. 21921, 2008-Ohio-491, ¶

28, quoting *Griffey v. Rajan,* 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987).

### A. *Relief under Civ.R. 60(B)(1)*

{¶ 8} We begin with the second assignment of error, which challenges the trial court's determination that Holmes failed to satisfy the first and second prongs of the Civ.R. 60(B) test.

{¶ 9} The first prong of the test for relief requires the movant to show that if relief was granted, the movant has a meritorious defense to present. "Under Civ.R. 60(B), a movant's burden is only to allege a meritorious claim, not to prevail on the merits of the claims." (Citation omitted.) *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 67, 479 N.E.2d 879 (1985). " 'A meritorious defense is one which, if proved, would entitle a party to the relief requested.' " *Cincinnati Ins. Co. v. Schaub*, 2d Dist. Montgomery No. 22419, 2008-Ohio-4729, ¶ 46, quoting *Williamson v. Saranda Consol. Ltd. Partnership*, 2d Dist. Montgomery No. 11507, 1989 WL 150791, * 4 (Dec. 14, 1989). "Relief from a final judgment should not be granted unless the party seeking such relief makes at least a prima facie showing that the ends of justice will be better served by setting the judgment aside." *Aurora Loan Servs., L.L.C. v. Wilcox,* 2d Dist. Miami No. 2009 CA 9, 2009-Ohio-4577, ¶ 14. Accordingly, "the motion and/or affidavit submitted in support of the motion must set out operative facts which, if true, constitute a prima facie showing of the claim or defense concerned. A prima facie showing is one which is '[s]ufficient to establish a fact or raise a presumption unless disapproved or rebutted.' " (Citation omitted.) *Portfolio Recovery Associates v. Thacker,* 2d Dist. Clark No. 2008 CA 119, 2009-Ohio-4406, ¶ 41, quoting *Stewart v. Heard,* 2d Dist. Montgomery No. 20787, 2005-Ohio-5241, ¶ 24. "Broad, conclusory statements do not satisfy the requirement that

a Civ.R. 60(B) motion must be supported by operative facts that would warrant relief from judgment." (Citations omitted.) *Aurora* at ¶ 14*.*

{¶ 10} The trial court here found that Holmes "fail[ed] to submit any proper evidence for the court's consideration as to whether he had a meritorious defense or claim to present if relief was granted." But Holmes says that he alleged three meritorious defenses. Indeed, in his motion for relief, Holmes says: "Among the defenses that the Defendant has to this action are 1) venue is not proper in this court, 2) the dispute is subject to binding arbitration pursuant to the agreement between the parties, and 3) the computation of damages the Plaintiff states it is entitled to is contrary to the agreement between the parties and written representations made by Plaintiff." But this is all Holmes says in his motion. We conclude the trial court did not abuse its discretion by determining Appellant's submission was not enough.

{¶ 11} It is the movant who has the burden to "demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988). So though the movant is not required to submit evidence in support of the motion for relief, the movant must at least "enlighten the court as to why relief should be granted." *Id.* Holmes submitted an affidavit in support of his motion for relief, but he does not claim in the affidavit that he has a meritorious defense. Indeed, the affidavit contains no facts about any of the three defenses that Holmes asserts. So though Holmes does assert defenses, he does not provide reasons to think that the defenses have merit. Rather, he makes broad, conclusory statements that do not make a prima facie showing and do not set forth any operative facts to assist the trial court in determining whether grounds exist for the

defenses. Moreover, with respect to venue, the trial court referred to the parties subscription agreement that contains an exclusive forum selection clause for the courts of Montgomery County, Ohio. And, the same agreement specifically excludes claims for non-payment from the arbitration provision. That leaves only Holmes non-specific contention that "the computation of damages * * *is contrary to the agreement." Without more in the record, we cannot say that the trial court abused its discretion by finding that Holmes failed to establish the first prong of the test for relief.

{¶ 12} The relief test's second prong requires the movant to show entitlement to relief under one of the grounds stated in Civ. R. 60(B)(1) to (5). Holmes argues in his motion for relief that he is entitled to relief under Civ.R. 60(B)(1), "mistake, inadvertence, surprise or excusable neglect." He says that he had a reasonable belief that he had an additional three weeks to file a response to the complaint because, as Holmes states in his affidavit, he and LexisNexis's attorney had agreed to a three-week extension of time to file an answer. Based on this understanding, says Holmes, he filed the motion to transfer on June 22, which he believed was within the extended time period. If it was not filed before the extension deadline, Holmes says, his failure to file the response timely was due to a mistake as to whether LexisNexis had granted his request for an extension. While the failure to establish the first prong is alone a sufficient basis to deny relief, we briefly consider the second prong.

{¶ 13} The trial court determined that Holmes's conduct does not show mistake, inadvertence, surprise, or excusable neglect but rather a disregard for the judicial system. The court said that Holmes's assertions in his motion for relief do not constitute reasons justifying relief from judgment. According to the court, a defendant is required to respond

to the complaint in a timely manner and to let the court know what that response is. Although Holmes asserts that he and LexisNexis's counsel agreed to extend the time to file an answer, said the court, he failed to seek an extension from the court or otherwise let the court know what his answer was.

{¶ 14} The parties appear to have differing beliefs as to when the three-week extension expired. Holmes was served on May 4,[1] so by rule his answer was due on June 6.[2] The parties agreed to a three-week extension on May 23. LexisNexis believes that the extension expired three weeks later, on June 13. But Holmes contends that the extension expired three weeks after the June 6 deadline, which would be near the end of June. The trial court did not resolve this confusion. Nevertheless, Civ.R. 6(B) gives a trial court discretion to extend the deadline for filing an answer at the request of a party. Holmes, an attorney, would know this. Also, had Holmes filed something about the parties' deadline-extension agreement with the trial court, or even had he contacted the trial court in some other manner, the confusion in the agreement might have been avoided. We cannot say that the trial court abused its discretion by finding that Holmes failed to establish the second prong of the test for relief.

{¶ 15} Because Holmes failed to satisfy the first and second prongs of the test for relief, the trial court did not err by overruling his Civ.R. 60(B) motion for relief.

{¶ 16} The second assignment of error is overruled.

---

[1] According to the trial court's docket, Holmes was served on May 4, though Holmes says that he did not receive the complaint until May 9.

[2] A defendant has twenty-eight days after service of the complaint to respond. Civ.R. 12(A)(1). The day of service is not included in that time period, and if the last day of the period falls on a weekend, the period is extended to the next weekday. Civ.R. 6(A). Also, if service is by mail under Civ.R. 5(B)(2)(c), as it was here, the defendant has an additional three days. Civ.R. 6(D).

## B. *Lack of notice and a hearing under Civ.R. 55(A)*

{¶ 17} The first assignment of error argues that the trial court erred by failing to comply with Civ.R. 55's notice and hearing requirements.

{¶ 18} Civ.R. 55(A) provides that "[i]f the party against whom judgment by default is sought has appeared in the action, he * * * shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." The rule does not require a hearing. The trial court here entered the default judgment the day after LexisNexis filed its application, and the court did not hold a hearing. It is doubtful that Holmes adequately raised the alleged violations of Civ.R. 55 in his motion for relief. On the question of notice, Holmes says in his motion that the trial court should grant relief "because the Default Judgment in this case was entered without notice to Defendant, although the Plaintiff knew Defendant intended to respond to the Complaint, in violation of the Ohio Rules of Civil Procedure." But later in his motion, Holmes argues that the trial court failed to give him the notice under Civ.R. 6(C). It is only now, on appeal, that he argues that the trial court should have given him the notice that Civ.R. 55(A) requires.

{¶ 19} Even if, as a matter of law, Holmes should have received notice under Civ.R. 55(A), the trial court did not err by overruling his motion for relief. The present appeal is from the final order overruling Holmes's Civ.R. 60(B) motion for relief, not from the default judgment itself. This means that Holmes must show that the trial court erred by finding that he failed to satisfy the Civ.R. 60(B) test for relief. Holmes's claims about the lack of notice and a hearing under Civ.R. 55 might show that he is entitled to relief under Civ.R. 60(B)(5), as "any other reason justifying relief from the judgment," so as to

satisfy the second prong of the test. But as we already concluded, the trial court did not err by determining that Holmes failed to show a meritorious defense, the test's first prong. Therefore we cannot say that the trial court erred by denying relief, even if he was entitled to notice and a hearing under Civ.R. 55(A). *Compare Miamisburg Motel v. Huntington Natl. Bank*, 88 Ohio App.3d 117, 127-128, 623 N.E.2d 163 (2d Dist.1993)[3] (concluding that even if the appellant was entitled to notice under Civ.R. 55(A), the trial court did not err by overruling his motion for relief under Civ.R. 60(B)(5), because the appellant failed to satisfy the test's third prong, timeliness).

{¶ 20} The first assignment of error is overruled.

### C. *The motion to transfer*

{¶ 21} The third assignment of error argues that the trial court should have granted Holmes's motion to transfer this case to Cuyahoga County on venue grounds. Because we have concluded that the court did not err by denying Holmes relief from the default judgment, this issue is moot. The default judgment was entered before Holmes filed the motion to transfer, leaving nothing to transfer.

{¶ 22} The third assignment of error is overruled.

---

[3] We note that *Miamisburg Motel* has repeatedly, AND INCORRECTLY, been cited, by this court and others, for the proposition that a phone call to plaintiff's counsel expressing an intent to defend the lawsuit constitutes an "appearance" for purposes of Civ. R. 55. That is unquestionably NOT the holding of the case. In the lead opinion of *Miamisburg* the phone-call-appearance notion is expressed. But the first concurring opinion specifically rejected the idea that a phone call is an appearance. The second concurring also indicated that a phone call should be insufficient unless there is an indication the defaulting party or its counsel has been misled into a default by plaintiff's counsel. The *holding* of *Miamisburg* is that a trial court does not abuse its discretion by denying Civ. R. 60(B) relief from judgment when there is no more than a phone call to plaintiff's counsel.

### III. Conclusion

{¶ 23} We have overruled each of the assignments of error presented. The trial court's judgment is therefore affirmed.

. . . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.

Copies mailed to:

Andrew C. Storar
Michael W. Sandner
Michelle T. Sundgaard
Thomas T. Holmes
Hon. Mary K. Huffman