MCCUE, APPELLANT, *v.*
BUCKEYE UNION INSURANCE CO., APPELLEE.

[Cite as McCue v. Insurance Co. (1979),
61 Ohio App. 2d 101.]

(No. 37865—Decided January 11, 1979.)

*Mr. Willard E. Bartel,* for appellant.
*Mr. Mark O'Neill,* for appellee.

KRENZLER, J. The plaintiff-appellant John G. McCue, hereinafter referred to as the appellant, filed a complaint

against the defendant-appellee Buckeye Union Insurance Company, hereinafter referred to as the appellee, in the Common Pleas Court of Cuyahoga County on September 28, 1973. An answer was filed by the appellee on January 21, 1974. Subsequently, each side filed a motion for summary judgment.

On February 14, 1977, two orders dated February 11, 1977, were filed with the clerk of the trial court. The first overruled appellant's motion for summary judgment, while the second granted appellee's motion for summary judgment. Both orders were journalized. No notice of appeal was filed within 30 days as required by Appellate Rules 3 and 4.

The record before us indicates that no further action was taken until April 7, 1977, when the following order by the court, dated April 6, 1977, was filed with the clerk:

"Entry of dismissal of Plaintiff's Motion for Summary Judgment made on 2/11/77 is vacated and set aside.

"Defendant's Motion for Summary Judgment granted 2/11/77 is vacated and set aside.

"4/6/77 Motion of Defendant for Summary Judgment granted.

"4/6/77 Motion of Plaintiff for Summary Judgment dismissed."

There is no explanation in the record to indicate why the trial court vacated its judgment of February 14, 1977, and re-entered an identical judgment 53 days later. No motion was filed by either party under either Civ. R. 60(A) or (B).

The appellant filed a notice of appeal on April 28, 1977, 21 days after the second entry, but 74 days after the original judgment.

Before addressing the merits of this case, we must first determine whether the appellant's notice of appeal was timely filed, and, as a result, whether we have jurisdiction to address his appeal on the merits.

Appellate Rule 3(A) provides in part that "[a]n appeal as of right shall be taken by filing a notice of appeal with the clerk of the trial court within the time allowed by Rule 4." Appellate Rule 4(A) provides in part that "[i]n a civil case the notice of appeal required by Rule 3 shall be filed with the clerk of the trial court within thirty days of the date of the en-

try of the judgment or order appealed from." [2]Failure to file a timely notice of appeal deprives the Court of Appeals of jurisdiction and authority to entertain the appeal. Appellate Rule 3 (A); *Bosco* v. *City of Euclid* (1974), 38 Ohio App. 2d 40.

The question before us is whether we have jurisdiction to hear an appeal where a judgment, from which no appeal has been taken within the required 30-day period, is *sua sponte* vacated by the trial court and subsequently reentered, and where an appeal is taken more than 30 days from the original judgment but within 30 days of the reentered judgment.

Resolution of this question requires an examination of the procedure to be followed, and the justification necessary, before a Court of Common Pleas may vacate its own judgment.

Prior to adoption of the Ohio Rules of Civil Procedure on July 1, 1971, the extent of a court's power to vacate its judgments depended upon whether the judgment was vacated during or after the term of court in which the original judgment was entered. Vacation of a judgment after term was limited to the grounds set forth in former R. C. 2325.01 which provided:

"The court of common pleas or the court of appeals may vacate or modify its own final order, judgment, or decree after the term at which it was made:

"(A) By granting a new trial of the cause, within the time and in the manner provided in sections 2321.19 and 2325.21 [2321.21] of the Revised Code;

"(B) By a new trial granted in proceedings against defendants constructively summoned as provided in section 2703.18 of the Revised Code;

"(C) For mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order;

"(D) For fraud practiced by the successful party in obtaining a judgment or order;

"(E) For erroneous proceedings against an infant or person of unsound mind, when the condition of such defendant

---

[2] App. Rule 4(A) further provides that the time for filing a timely notice of appeal is suspended by the filing of a timely motion under Civ. Rule 50(B) (motion for judgment notwithstanding the verdict) or under Civ. Rule 59 (motion for new trial). No motion under either of the latter rules was filed in the instant case.

does not appear in the record, nor the error in the proceedings;

"(F) For the death of one of the parties before the judgment in the action;

"(G) For unavoidable casualty or misfortune, preventing the party from prosecuting or defending;

"(H) For errors in a judgment, shown by an infant within twelve months after arriving at full age as prescribed in section 2323.21 of the Revised Code;

"(I) For taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment;

"(J) When such judgment or order was obtained, in whole or in a material part, by false testimony on the part of the successful party, or any witness in his behalf, which ordinary prudence could not have anticipated or guarded against, and the guilty party has been convicted."

Recognizing the anomaly of endowing courts with power to vacate judgments after term only, the Ohio Supreme Court acknowledged the common law doctrine that a court has inherent power, in the exercise of sound discretion, to vacate its own judgments entered during the same term. Thus, the court was empowered to suspend the judgment upon any of the grounds enumerated in R. C. 2325.01, as well as for any other reason within the exercise of the court's sound discretion. *First National Bank of Dunkirk* v. *Smith* (1921), 102 Ohio St. 120; *see Moherman* v. *Nickels* (1942), 140 Ohio St. 450.

Former R. C. 2325.01 was repealed by the legislature, effective July 1, 1971. 133 Ohio Laws 3017. This section was superseded by Civil Rule 60 which provides the *exclusive* procedure to be followed and the grounds which must be present in order to vacate a judgment.

Civil Rule 60, entitled Relief From Judgment or Order, provides as follows:

"(A) Clerical mistakes. Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the

pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

"(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

After the adoption of the Ohio Rules of Civil Procedure, the distinction between in-term and out-of-term was abolished by Civ. R. 6(C) which provides as follows:

"Time: Unaffected by expiration of term. The period of time provided for the doing of any act or the taking of any proceeding is not affected or limited by the continued existence or expiration of a term of court. The existence or expiration of a term of court in no way affects the power of a court to do any act or take any proceeding in any civil action consistent with these rules."

It is now well settled that relief under Civ. R. 60(A) and (B) may not be granted merely for the purpose of allowing an appeal which would not otherwise be considered as timely under App. R. 4(A). *Bosco* v. *Euclid, supra; Rose* v. *Rose* (1970), 23 Ohio App. 2d 201; *see also, Cincinnati* v.

*Glassmeyer* (1971), 28 Ohio App. 2d 39. Clearly, if a trial court is not permitted to use Civ. R. 60(A) or (B) as a vehicle for allowing an otherwise untimely appeal, a trial court may certainly not *sua sponte* vacate for no stated reason and reenter the identical judgment in order to extend the time for appeal. Thus, if a trial court vacates and reenters a judgment other than for the purpose of accommodating an appellant whose appeal time has lapsed, the reasons must be demonstrated on the record. In other words, if a trial court wants to avoid a jurisdictional attack under similar facts, but has a valid reason for vacating and reentering a judgment, the better practice would be for the trial court to state its reason on the record. Otherwise, it will be presumed, as in the instant case, that the action by the trial court was taken solely as an accommodation to the appellant to take an appeal where the time to file an appeal had expired under App. R. 4(A).

In this case the trial court entered judgment on February 11, 1977, and on April 6, 1977, vacated that judgment and immediately reentered it, and a notice of appeal was filed on April 28, 1977. Under the foregoing facts, the final judgment was entered February 11, 1977. Thus, the notice of appeal filed on April 28, 1977, is not timely under App. R. 4(A). As the timely filing of an appeal is jurisdictional, we have no authority to hear the instant appeal, and thus, cannot rule on the assignments of error presented by the appellant.

*Appeal dismissed.*

CORRIGAN, C. J., and STILLMAN, J., concur.