**KERTES ENTERPRISES, INC., Appellant,**

v.

**PLANNING ZONING COMMISSION OF ORANGE VILLAGE, Appellee.**

[Cite as *Kertes Ent., Inc. v. Orange Village Planning Zoning Comm.* (1990), 68 Ohio App.3d 48.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 58092.

Decided June 14, 1990.

*Arter & Hadden* and *Dale F. Kainski,* for appellant.

*Byron & Ryan Co., L.P.A.,* and *Barry M. Byron,* for appellee.

---

*Per Curiam.*

In an entry dated December 12, 1988, the trial court dismissed a developer's zoning appeal. Six months later, the court *sua sponte* ordered the clerk's office to send notice of the December 12 order to the parties, stating that the "appeal rights from said order begin to run on the date of this entry" (June 19, 1989). The developer appealed on July 14, 1989 raising three assignments of error.[1]

 "Civ.R. 60(B) provides the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment." *McCue v. Buckeye Union Ins. Co.* (1979), 61 Ohio App.2d 101, 15 O.O.3d 103, 399 N.E.2d 127. See, also, *Hellmuth, Obata & Kassabaum v. Ratner* (1984), 21 Ohio App.3d 104, 21 OBR 112, 487 N.E.2d 329; *Sperry v. Hlutke* (1984), 19 Ohio App.3d 156, 19 OBR 246, 483 N.E.2d 870. Relief under Civ.R. 60 may not be granted solely to allow an appeal not otherwise timely. *McCue, supra.* The record is devoid of evidence that the clerk initially failed to send the proper notice to the parties. Although the parties were free to file a Civ.R. 60(B) motion for relief from the December 12 judgment, the court was without authority to vacate its order without affording the commission an opportunity to be heard. *Rice v. Bethel* (1987), 35 Ohio App.3d 133, 520 N.E.2d 26. See *Hellmuth, supra.*

 The December 12 order triggered the App.R. 4(A) appeal period and the developer's July 14 notice was therefore untimely. The court may not re-enter judgment to circumvent the App.R. 4(A) limitation period. *Mack v. Traveler's Ins. Co.* (June 29, 1989), Cuyahoga App. No. 57052, unreported, 1989 WL 73034. As we lack jurisdiction, the developer's appeal is dismissed.

*Appeal dismissed.*

ANN MCMANAMON and WALKER, JJ., concur.

NAHRA, P.J., dissents.

ROBERT D. WALKER, J., retired, of the Hancock County Court of Common Pleas, sitting by assignment.

---

1. See Appendix.

NAHRA, Presiding Judge, dissenting.

The right to file an appeal is a property interest which may not be revoked absent due process of law. *Atkinson v. Grumman Ohio Corp.* (1988), 37 Ohio St.3d 80, 523 N.E.2d 851, paragraph one of the syllabus. Therefore, within three days of the entry of any final appealable order, the clerk of court is required to serve notice of the entry of a final judgment and to "make a notation in the case docket indicating that the required service has been made." *Id.* at paragraph two of the syllabus; see, also, Civ.R. 58(B). The record herein does not contain such notice for the December 12, 1988 entry. In fact, the trial court recognized the clerk's omission in its June 19, 1989 order when it stated that "[d]ue to the failure of the Clerk's Office to send notice of original order, appeal rights from said order begin to run on the date of this entry." By dismissing this appeal based on the December 12, 1988 order absent notice of service of the December 12 order, appellant is being denied its right to appeal without due process of law. I would find appellant's appeal from the June 19, 1989 judgment timely and address this case on the merits.

## APPENDIX

Appellant's assignments of error are:

### I

"Whether the court of common pleas erred in granting appellee's motion to dismiss and in ruling that appellant was required to file a praecipe for the filing of the record of appeal."

### II

"Whether the court of common pleas erred in concluding sub silentio that this appeal is governed by Chapter 2506, Ohio Revised Code."

### III

"Whether the court of common pleas erred in denying appellant's motion for judgment and in ruling that appellee was not required to file the record on appeal."