OPINION
In 1993, Clifford W. Bernard was indicted on two counts of rape, two counts of attempted rape, and one count of aggravated burglary involving his ex-wife. Pursuant to a plea bargain, Bernard pled guilty to one count of attempted rape and to aggravated burglary.
On the attempted rape count, Bernard's guilty plea was entered in accordance with North Carolina v. Alford (1970), 400 U.S. 25,91 S.Ct. 160, whereby Bernard maintained his innocence but nonetheless pled guilty to avoid the risks of proceeding to trial. The trial court convicted Bernard and sentenced him to five to fifteen years for the attempted rape and to seven to twenty-five years, with seven years of actual incarceration, for the aggravated burglary. The sentences were to be served concurrently.
In February 1995, Bernard, who was represented by counsel, filed a motion for shock probation. The trial court denied the motion because Bernard had not yet served the seven year term of actual incarceration imposed upon him. As a result of this denial, in June 1995, Bernard filed a motion for a new trial or for resentencing on the basis that he had not been informed prior to entering his guilty pleas that he could be sentenced to a period of actual incarceration during which he would be ineligible for probation. The trial court treated the motion as a petition to vacate and set aside the sentence pursuant to R.C. 2953.21, and it granted the motion. On October 11, 1995, the trial court resentenced Bernard, imposing the same periods of imprisonment but eliminating the term of actual incarceration, thereby making Bernard eligible for probation. Bernard's subsequent motion for shock probation was denied.
On December 1, 1998, Bernard filed a pro se motion to withdraw his guilty pleas on the basis that the pleas had been "entered improvidently" and that he had not understood the nature of the charges, the effect of the pleas, or his rights. The trial court overruled this motion without a hearing on June 7, 1999. On July 16, 1999, Bernard filed a "Motion to Vacate and Reenter Judgment" pursuant to Civ.R. 60(B)(5) claiming that he had not received the trial court's June 7 entry denying his motion to withdraw his guilty pleas until July 7, 1999, and thus had been deprived of his right to file a timely appeal from that decision. He asked that the court vacate and "reenter" its judgment to, in effect, restart his time for filing a notice of appeal. On October 22, 1999, the trial court overruled this motion. On November 2, 1999, however, the trial court did vacate and then reinstate its June 7, 1999 judgment to give Bernard "ample time to file a Notice of Appeal * * * if he opts to do so." Bernard filed a notice of appeal on November 15, 1999 in which he indicated that he sought to appeal from the trial court's judgment of October 22, 1999.
On November 23, 1999, the state filed a motion to dismiss Bernard's appeal as untimely. The state contended that the trial court had lacked authority to vacate the original order and immediately reinstate the same order, an action "which essentially allowed [Bernard] to circumvent the Rules of Appellate Procedure." The state's motion did not point out that Bernard had not been aggrieved by the October 22, 1999 entry in light of the trial court's November 2, 1999 reversal of that decision. We overruled the motion to dismiss, noting that Bernard's notice of appeal, filed November 15, had been filed within thirty days of the judgment from which Bernard purported to appeal, which had been issued on October 22, 1999.
Bernard filed a brief raising five assignments of error. Upon the filing of his brief, it became apparent that the issues Bernard sought to appeal were not, in fact, related to the October 22, 1999 judgment of the trial court, but to the court's denial of Bernard's motion to withdraw his plea, which had been filed on June 7, 1999. Thus, we revisit the timeliness of this appeal.
Trial courts are precluded from vacating and reentering judgment in order to circumvent the App.R. 4(A) limitation period for the filing of an appeal. State v. Myers (Nov. 18, 1993), Cuyahoga App. No. 65309, unreported. Thus, the trial court lacked authority to vacate and reinstate its judgment in order to facilitate Bernard's appeal. As the state noted in its brief, Bernard could have filed a timely notice of appeal within thirty days of receipt of the trial court's June 7, 1999 entry pursuant to App.R. 4(A).
Assuming arguendo the applicability of Civ.R. 60 to these proceedings, relief under Civ.R. 60(B) may not be granted solely to allow an appeal that is not otherwise timely. Kertes Ent., Inc.v. Orange Village Planning Zoning Comm. (1990), 68 Ohio App.3d 48,49. Furthermore, the filing of Bernard's Civ.R. 60(B) motion would not have tolled the time for filing a notice of appeal.Carr v. Spencer (Nov. 5, 1999), Montgomery App. No. 17787, unreported.
Therefore, Bernard's appeal will be dismissed as untimely.
 ________________ WOLFF, J.
BROGAN, J. and FAIN, J., concur.