DECISION AND JUDGMENT ENTRY
This case is before the court sua sponte. It has come to the court's attention that this appeal in a parentage dispute must be dismissed for lack of jurisdiction. On October 24, 2000, appellant filed a single notice of appeal from a decision and judgment entry which was entered in two related, but never consolidated, trial court cases, JC98-059553 and JC99-073061. The procedural intricacies which led to the order being appealed are outlined below.
 The 1998 Registration of a Foreign Order Case
The 1998 case (JC98-059553, referred to as "the ROFO case" [Registration of a Foreign Order]) was filed by appellees, the state of California through the Lucas County Child Support Enforcement Agency ("LCCSEA") and Loretta R. (collectively referred to as "Loretta"), to register in Ohio a $63,569.27 child support order from California which Loretta obtained by default against defendant-appellant, Michael O.
Michael answered Loretta's ROFO complaint and alleged that the California support order, which arose out of the default judgment against him in a California paternity case, is void because he was never served with the complaint and therefore the California court had no personal jurisdiction over him. Michael further alleged that the California support order was obtained by fraud on the part of Loretta.
Michael's answer also sets forth "requests for affirmative relief" requesting 1) that the California child support order be declared void, 2) an injunction against his employer from withholding money from his earnings to satisfy the California support order, and 3) judgment against Loretta for $840, the amount already withheld from his earnings.
Loretta filed a motion to dismiss Michael's requests for affirmative relief. The case was referred to a magistrate who ordered that all money withheld from Michael's earnings be escrowed by LCCSEA. The magistrate then held a hearing on Loretta's motion to dismiss and filed the following decision on June 30, 1999:
 "The defendant attacks the registration [of the California support order] on the grounds that he was not served with the California Complaint in April of 1984. * * *
 "Viewing the defendant's evidence in the best light, it is the conclusion of this Court that defendant's burden [to show that he was not properly served] was not met. Despite the credible evidence presented, the defendant did not overcome the California Court's finding that he was personally served. Therefore, this Court must give full faith and credit to the California [support] order.
 "It is therefore ORDERED[1], ADJUDGED AND DECREED
that the Order of this Court file-stamped October 6, 1998 registering the California Order in this Court is affirmed."
At the bottom of the magistrate's decision, the judge signed the following statement, which was journalized on June 30, 1999:
 "Parties have 14 days from the filing of this decision to file written objections with the Juvenile Clerk. AFTER INDEPENDENT REVIEW, THE FOREGOING MAGISTRATE'S DECISION IS ADOPTED AS THE JUDGMENT OF THIS COURT."
Michael filed timely objections to the magistrate's decision, which were denied by the judge in a judgment entry journalized on October 18, 1999, which states:
 "This 14th day of October 1999, this matter came before [the] Judge * * * on [Loretta's] Motion to Dismiss [Michael's] Request for Relief Prayed by Defendant Regarding Jurisdiction Under UIFSA/URESA Law as filed by the Lucas County Child Support Enforcement Agency. No hearing was held.
 "The Court, being fully advised in the premises, finds the Motion to be well taken.
 "It is hereby ORDERED that the Motion to Dismiss the Request for Relief is granted without hearing.
 "It is further ORDERED that the Objections filed on July 12, 1999 * * * [are] denied. The Magistrate's decision dated June 29, 1999 and filed June 30, 1999 is affirmed[2] and made the Order of the Court."
Approximately one month later, the judge signed a second Judgment Entry, journalized on November 12, 1999, which states:
 "The Court, on October 18, 1999, without benefit of the defendant's Reply Memorandum (it had been misplaced pending a decision on the [objections] motion) made a decision. The Court hereby vacates the decision filed October 18, 1999 and hereby finds that the defendant was not served by the plaintiff [with the California complaint] at the Toledo address and all decisions based on that action [the California paternity action] are hereby vacated and held for naught.
"IT IS SO ORDERED."
We note that a sua sponte order by a trial court judge which vacates afinal judgment is generally void. McCue v. Buckeye Union Ins. Co.
(1979), 61 Ohio App.2d 101; Sperry v. Hlutke (1984), 19 Ohio App.3d 156; and Welch v. Solid as a Rock (Aug. 2, 2000), Lucas App. No. L-00-1206, unreported. However, in the instant case, neither the trial court's order of June 30, 1999 (which adopted the magistrate's decision) nor its October 18, 1999 order (denying the objections to the magistrate's decision and adhering to the judge's prior June 30, 1999 ruling) are final orders. See Civ.R. 54(A) which states that a final judgment shall not contain "the magistrate's decision in a referred matter," and SabrinaJ. v. Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374, unreported[3]. Therefore, we conclude that the trial court's November 1999 judgment validly vacated its June 30, 1999 and October 18, 1999 orders. We also find that the November 1999 judgment itself is not a final order. The practical effect of this November ruling is that the California support order is not enforceable in Ohio.
On November 23, 1999, the court ordered that all Ohio child support deduction orders are vacated, that Michael's employer shall cease any withholding of Michael's earnings, and that LCCSEA shall return all escrowed funds to Michael. Thus, all of Michael's requests for affirmative relief were granted.
Loretta then made an oral motion to dismiss her ROFO complaint. The motion was granted in the following judgment entry:
 "The Court, being fully advised in the premises, finds the Oral motion to dismiss to be well taken in that the State will proceed to file an Ohio Parentage Order regarding these parties.
 "IT IS THEREFORE, ORDERED, ADJUDGED, and DECREED that the Registered Order under this Juvenile Court number hereby is DISMISSED pursuant to the Oral Motion * * *."
Thus, the complaint to register and enforce the California support order was dismissed and the ROFO case was concluded. On December 15, 1999, the day this order was entered on the court's journal, it became a final appealable order, pursuant to R.C. 2505.02(B)(1), which states:
 "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following: (1) an order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
No appeal was taken from this order.
 The 1999 Paternity Case
On December 15, 1999, Loretta filed a Complaint in Paternity, case number JC99-073061, against Michael which alleges that Michael is the father of her child and prays for child support, birthing expenses and medical expenses. Under court order, a genetic test ("HLA") for paternity was performed which excluded Michael as the father of Loretta's child. Following this finding, Michael proceeded with filing various documents in both the ROFO case and the paternity case.
 The ROFO Case Post-HLA Test Filings
In the ROFO case, approximately five months after the case was dismissed by the judge's final appealable order, Michael filed an amended answer and request for affirmative relief in which he alleges that Loretta acted fraudulently and prays for $100,000 compensatory damages and $300,000 punitive damages. Michael also filed a motion to consolidate this case with the paternity case.
Despite the fact that this ROFO action was dismissed on December 15, 1999, the referee ruled on the amended answer and counterclaims as well as on the motion to consolidate, in a magistrate's decision of June 5, 2000 which states:
"THE COURT FINDS:
 "[Michael] filed 1) an [amended] answer contesting the validity of the registered order 2) request for declaratory judgment and 3) request for damages and counterclaim. On October 6, 1998, LCCSEA filed an order to register a foreign order of child support. On December 15, 1999 a voluntary dismissal of the registered order was signed by Judge Ray without objection by parties.
"DECISION:
 "1) Answer contesting validity of Registered Order is moot pursuant to order from December 15, 1999 dismissing the same.
 "2) Court has determined through HLA testing in case # 99073061 that defendant/father, Michael * * * is not the father of [Loretta's child] and any orders for support etc. are voided as of this date and all funds held in escrow by LCCSEA are to be released to obligor.
 "3) ORC 3115.37 provides no basis for damages or other relief sought under the jurisdiction of the Lucas County Juvenile Court. This does not preclude any remedies available to petitioning parties in the General Division of the Court of Common Pleas."
At the bottom of the magistrate's decision, the judge signed the following pre-printed statement, which was journalized on June 5, 2000:
 "PARTIES HAVE 14 DAYS FROM THE FILING OF THIS DECISION TO FILE WRITTEN OBJECTIONS WITH THE JUVENILE COURT CLERK. Reviewed and adopted."
Michael filed objections to the magistrate's decision and on September 25, 2000, the court found that the objections were not well-taken and signed the following Judgment Entry:
 "It is hereby ORDERED that the Objections to the Magistrate's decision be denied. The Magistrate's decision dated June 1, 2000 and filed June 5, 2000 is affirmed and made the Order of the Court.
 "It is further ORDERED that the Motion to Consolidate is denied."
This is the order which contains both the ROFO case number and the paternity case number and from which Michael has appealed. We find that the order appealed in the ROFO case is void since it was entered in a case that had been concluded for several months. The final order in the ROFO case was entered on December 15, 1999 and any appeal in that case had to be filed within thirty days of that order.
 The Paternity Case Post-HLA Test Filings
Following the HLA test results, Michael filed an answer and counterclaim in the paternity case in which he alleges fraud on the part of Loretta and prays for $100,000 in compensatory damages and $300,000 in punitive damages. Michael then filed a motion to consolidate the paternity action with the ROFO action.
The magistrate held a hearing and made the following decision, filed on June 5, 2000:
 "Michael O. * * * found not to be the father of [Loretta's child] * * *. All escrowed funds in this case held by LCCSEA to be returned to obligor. Case dismissed, with prejudice."
At the bottom of the magistrates's decision the judge signed a preprinted statement that reads:
 "AFTER INDEPENDENT REVIEW, THE FOREGOING MAGISTRATE'S DECISION IS ADOPTED AS THE JUDGMENT OF THIS COURT. THIS IS YOUR COPY OF THE COURT ORDER. A JOURNALIZED COPY OF THE ORDER WILL BE PROVIDED TO YOU ONLY UPON REQUEST[4]."
This entry was journalized on June 5, 2000. On June 14, 2000, Michael filed objections to the magistrate's decision, stating, inter alia, that the magistrate should have consolidated the paternity case with the ROFO case and that the magistrate failed to "retain defendant's counterclaims and set same for further proceedings." Loretta filed a memorandum in opposition to the objections.
On September 25, 2000, the trial court judge denied the objections and denied the motion to consolidate in the following judgment entry:
 "The 16th day of September 2000, this matter came before [the] Judge * * * on Objections to the Magistrate's Decision and a Motion to Consolidate Cases filed by * * *, counsel of the defendant. * * *.
 "The Court, being fully advised in the premises, finds the Objections and Motion not to be well taken.
 "It is hereby ORDERED that the Objections to the Magistrate's decision be denied. The Magistrate's decision dated June 1, 2000 and filed June 5, 2000 is affirmed and made the Order of the Court.
 "It is further ORDERED that the Motion to Consolidate is denied."
This judgment entry was entered in both the ROFO and the paternity cases. It is from this entry that Michael has filed one notice of appeal with both trial court case numbers[5] on it.
We find that neither the June 5, 2000 nor the September 25, 2000 entries signed by the judge are final orders pursuant to Civ.R. 54(A)[6]
and we have no jurisdiction to hear an appeal from either order. Additionally, we find that the magistrate's decision of June 5, 2000 dismissed the entire paternity case without addressing the counterclaims. In the interest of judicial economy, the trial court judge may wish to address these counterclaims in his final order in this case.
The appeal filed in JC98-059553 is ordered dismissed because it was not timely filed. The appeal filed in JC99-073061 is ordered dismissed because there is no final judgment that complies with Civ.R. 54(A) andSabrina J. v. Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374, unreported. Costs to appellant.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 _________________________ Mark L. Pietrykowski, P.J. JUDGE
 Melvin L. Resnick, J., Richard W. Knepper, J. CONCUR.
[1] Pursuant to Civil Rule 53(E), magistrates make DECISIONS (NOTORDERS) on the merits of the referred matter. See Civ.R. 53(C)(3) for a list of orders a magistrate is empowered to make. The use of the term "order" by the magistrate in this case is typical of a practice seen by this court in many cases which have been referred to a magistrate in the trial court. This court is not in the habit of quibbling over less than precise terminology used at the trial court level. However, more than mere terminology is at stake here. A magistrate's use of the term "order" when the magistrate only has the power to make a "decision", is confusing to the litigants who may think that such an "order" is appealable, when it is neither appealable nor effective and enforceable until approved by the judge, see Civ.R. 53(E)(4)(a). Further, while Civ.R. 53 gives magistrates great responsibilities and powers, it does not elevate them to the level of judge and their decisions should not be worded to imply that they, as officers of the court, have status and power equal to a judge. The concept in Civ.R. 53 that magistrates make "decisions" and judges make "orders" should be made clear to all who come before these officers of the court.
[2] Pursuant to Civ.R. 53, the court should have stated that its June30, 1999 order adopting the magistrate's decision is adhered to. See, Civ.R. 53(E)(4)(c). Under Civ.R. 53, judges do not "affirm" magistrate's decisions. A magistrate's decision is not an order to be reviewed as if the trial court judge is acting as an appellate court. A magistrate's decision is not even effective until it is adopted by the judge. See Civ.R. 53(E)(4)(a).
This court notes that many trial court judges do not follow the procedure set forth in Civ.R. 53(E)(4) in taking action on a magistrate's decision. This failure to follow correct procedure causes this court to expend much additional time because the procedural irregularities must be addressed before the court can turn its attention to the merits of the appeal. In an effort to alleviate this problem, we outline below the correct procedure as set forth in Civ.R. 54.
When a magistrate makes a decision, it is to be filed and served on the parties pursuant to Civ.R. 53(E)(1). Pursuant to Civ.R. 53(E)(4)(a-c), following a magistrate's decision, the judge may:
1. Wait fourteen days and, if no objections are filed, adopt, rejector modify the magistrate's decision and enter judgment accordingly. (A valid entry of judgment is, for example, "The court adopts the magistrate's decision. Plaintiff's motion for change of custody is granted. Plaintiff is ordered to * * *. Defendant is ordered to * * *.") When journalized pursuant to
Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL
Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B).
OR
2. Wait fourteen days and if objections are filed, (a) rule on the objections, (b) adopt, reject or modify the magistrate's decision and (c) enter judgment accordingly. (A valid entry of judgment is, for example, "The objections to the magistrate's decision are denied. The court adopts the magistrate's decision. The court orders judgment for Plaintiff on the complaint in the amount of $250.") When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is aFINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B).
OR
3. Before the fourteen-day objection period expires, the judge may adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B). However, if timely objections are filed, execution of the court's judgment is stayed until the judge disposes of the objections and "vacates, modifies, or adheresto the [court's] judgment [adopting the magistrate's decision] previously entered." Civ.R. 53(E)(4)(c).
OR
4. If the judge determines that immediate relief is justified, the judge may immediately make an interim order based on the magistrate's decision without waiting for objections to be filed. This interim order is valid for twenty-eight days and execution of the order is not stayed by the timely filing of objections. At the end of the twenty-eight days the judge may:
a. extend the interim order for one more twenty-eight day period
OR
b. if no objections to the magistrate's decision are filed, the judge may adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B). 
OR
c. if objections to the magistrate's decision are filed, the judge shall rule on the objections and adopt, reject or modify the magistrate's decision and enter judgment accordingly. When journalized pursuant to Civ.R. 58(A), and if it complies with Civ.R. 54(A), this is a FINAL
Judgment Entry which must be served upon the parties pursuant to Civ.R. 58(B).
[3] In Sabrina J. v. Robbin C. (Jan. 26, 2001), Lucas App. No. L-00-1374, unreported, this court held:
 "[A]n order of a trial court which merely adopts a magistrate's decision and enters it as the judgment of the court is not a final appealable order. * * * [T]o be final, an entry of judgment by the trial court pursuant to Civ.R. 53(E)(4) must:
 "1. pursuant to subsection (b), `adopt reject or modify' the magistrate's decision and should state, for identification purposes, the date the magistrate's decision was signed by the magistrate,
 "2. state the outcome (for example, `defendant's motion for change of custody is denied') and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry, and,
 "3. be a document separate from the magistrate's decision."
[4] Notice of a final judgment entry and of the date it is entered on the journal must be served upon the parties pursuant to Civ.R. 58(B). If it is not, the time for filing a notice of appeal never begins to run and the parties can file an appeal at any time in the future. Atkinson v.Grumman Ohio Corp. (1988), 37 Ohio St.3d 80. Thus, it is not appropriate to maintain a policy whereby the court will provide notice of the date a final judgment is journalized only on request by the parties.
[5] Pursuant to 6th Dist.Loc.App.R. 3, a party must file a separate notice of appeal for each case, even if the order being appealed contains two case numbers, unless the cases were consolidated by the trial court. Ordinarily, when a party files a single notice of appeal carrying the numbers of more than one case and the cases were not consolidated in the trial court, this court treats the notice of appeal as having been filed only in the first listed trial court case number. In this appeal, since we dismiss the appeals from both trial court cases, the error of filing only one notice of appeal is moot.
[6] See endnote 3.