DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellants, Laurie and Robert Mathias appeal the decision of the Summit County Court of Common Pleas, which awarded them a judgment of $10,000 plus court costs. This Court reverses.
This matter arose over a dispute between appellants and their neighbor Robert Dutt, the appellee in this case. An agreement was reached between the parties and the parties filed an agreed entry ("Entry") with the court on July 28, 2000. The entry stated that appellee was to remove all debris, junk items, mechanical items, trash, and other items from his property on or before July 15, 2000. Additionally, appellee was to remove a trailer and a van from his property no later than July 25, 2000. The agreement stated that if the appellee failed to remove the items from his property, he would be charged $100.00 per day.
Appellants filed a motion to enforce the agreed entry, stating that appellee had not complied with the entry. After two hearings regarding appellee's failure to comply with the agreed entry, the magistrate found that appellee continued to be in willful violation of the parties' entry and the court's order instructing him to comply with the entry. In a decision filed February 23, 2001, the magistrate awarded appellants $1,000.00 as of that date. On April 18, 2001, the court filed its judgment on the objections to the magistrate's decision. The court adopted the decisions of the magistrate regarding appellee's noncompliance with the entry and subsequent court orders, but increased the amount to be awarded to the appellants to $10,000 plus interest from January 27, 2001.
Appellants timely appealed and have set forth one assignment of error for review.
 ASSIGNMENT OF ERROR WHETHER THE TRIAL COURT ERRED AS A MATTER OF LAW IN MODIFYING ITS PRIOR FINAL JUDGMENT SUA SPONTE.
The trial court's entry dated April 18, 2001, awarded appellants a lesser amount than they were entitled to under the July 28, 2000 entry. Under the July 28, 2000 entry, appellants would have received $19,500. However, the April 18, 2001 entry awarded appellants $10,000. Appellants have argued that the trial court's actions served to vacate its judgment dated July 28, 2000, and that the trial court did not have the authority to sua sponte vacate its prior judgment. This Court agrees.
A trial court has no authority to vacate its final orders sua sponte.See Cuyahoga Savings Assoc. v. Kellar (Apr. 11, 2001), Medina App. Nos.3088-M, 3108-M, unreported. Prior to the adoption of the Ohio Rules of Civil Procedure, trial courts possessed the inherent power to vacate their own judgments. See McCue v. Buckeye Union Ins. Co. (1979),61 Ohio App.2d 101, 103. Although a trial court can still change its judgment, the civil rules limit the avenues through which a party may petition the trial court to change its own judgment. Harkai v. ScherbaIndustries, Inc. (2000), 136 Ohio App.3d 211, 215. For example, a party may file a motion pursuant to Civ.R. 50(B), Civ.R. 53(E)(4)(c), Civ.R. 59 or Civ.R. 60(B). See id. In the case sub judice, neither party petitioned the trial court to change its judgment.
Consequently, the trial court had no authority to award appellants an amount different from the amount set forth in the trial court's entry dated July 28, 2000. While the court did not state that it was vacating its prior order, the judgment of the trial court dated April 18, 2001, in effect vacated its entry dated July 28, 2000. The judgment of the trial court is reversed and remanded.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellee.
Exceptions.
BATCHELDER, P.J., WHITMORE, J. CONCUR.