JOURNAL ENTRY and OPINION
{¶ 1} This is an appeal from orders of Domestic Relations Judge James P. Celebrezze. Appellant Robert Cosic claims it was error to affirm the decision of Magistrate Barbara Porzio, to overrule his objections to the terms of a divorce decree, and to deny his motion for a new trial. We dismiss his appeal as untimely filed.
{¶ 2} Cosic, an American citizen, married Alenka Bracic in Belgrade, Yugoslavia on June 26, 1996. The couple returned to Cosic's home in Cleveland and their union produced a child born in August 1997. He was twice convicted for domestic violence offenses against his wife and the couple separated after the second offense in July of 1998.
{¶ 3} Mrs. Cosic filed for divorce, Cosic counterclaimed seeking the divorce, and then amended his counterclaim to allege that she was still married to a man in Yugoslavia, and requested an annulment under R.C. 3105.31 or, in the alternative, divorce. She denied the allegation that she was still married to her first husband, and provided a copy of a judgment entry of divorce.
{¶ 4} Trial was scheduled before the magistrate on May 9, 2000, but Cosic requested a third continuance to obtain documents he contended supported his counterclaim. The magistrate denied the request, and Cosic claimed that he had fired his lawyer, who had represented him throughout the proceedings and was present in the courtroom. The magistrate informed Cosic that, regardless of whether he fired his lawyer, the trial would proceed as scheduled. He responded that he still wished to fire his lawyer, the magistrate excused the lawyer and, when she announced that the proceedings would continue, Cosic requested a continuance in order to retain another lawyer. The magistrate denied his request and Mrs. Cosic called her first witness. During testimony Cosic asked to be excused, the magistrate responded that he did not need permission to leave, but that the trial would go on in his absence, and he eventually left before the first witness had completed her direct testimony. He did not return that day, nor did he appear for the second day of trial.
{¶ 5} The magistrate's decision granted a divorce to Mrs. Cosic, set the terms of child custody and support, property distribution, and spousal support and found, as a fact, that Mrs. Cosic obtained a legal divorce from her first husband in 1990. Cosic filed objections that claimed the magistrate committed the following errors: she denied him a continuance to obtain evidence; denied him a continuance to obtain a new lawyer after he fired his lawyer in court on the day of trial; found his pension fund was marital property; found he was voluntarily unemployed and his most recent income should be imputed to him, and; found that his ex-wife was entitled to spousal support. He also claimed a denial of constitutional due process because he was denied an opportunity to present his case when his lawyer abandoned him at trial.
{¶ 6} On February 20, 2001, the judge adopted the magistrate's decision in its entirety, stating that he had done so after considering (but not overruling) Cosic's objections. The judge did not expressly rule on those objections as required by Civ.R. 53(E)(4)(b), and Cosic did not object. Nevertheless, on March 8, 2001 the judge issued another order, which stated as follows:
 {¶ 7} Defendant's Objections filed November 28, 2001 [sic] to the Magistrate's Decision are hereby overruled and the decision of the Magistrate adopted.
 {¶ 8} Counsel for Plaintiff shall prepare, within ten (10) days of this entry, a judgment entry reflecting the recommended decision.
{¶ 9} On the same date, Cosic moved for new trial, apparently directed toward the February 20, 2001 order. Ms. Cosic did not file a journal entry as directed by the March 8, 2001 order. On March 27, 2001, the judge denied Cosic's motion for new trial and, on April 24, 2001, he filed a notice of appeal from the orders of March 8, 2001 and March 27, 2001. He states two "issues" on appeal, which we will construe as assignments of error:
 {¶ 10} I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL.
 {¶ 11} II. THE TRIAL COURT ERRED IN OVERRULING APPELLANT'S OBJECTIONS TO MAGISTRATE'S DECISION WITH FINDING OF FACT.
{¶ 12} We must first address whether the appeal is from a final order. Because the March 8, 2001 order directs the plaintiff to submit a judgment entry, it necessarily contemplates further proceedings and is not a final order.[1] That order, however, is of no effect because the February 20, 2001 order is final, and its effect cannot be avoided by a later, sua sponte order purporting to vacate the judgment, and the March 8, 2001, order does not and could not have that effect even if so intended.[2] Therefore, the February 20, 2001 order remains the final order.
{¶ 13} Because the final order in this case was issued on February 20, 2001, Cosic's March 8, 2001 motion for new trial, filed more than fourteen days after judgment, was untimely.[3] Consequently, his appeal is also untimely because App.R. 4(B)(2) tolls the time for filing a notice of appeal only when a party files a timely motion for new trial under Civ.R. 59(B). Because his motion for new trial was untimely, Cosic's notice of appeal, filed April 24, 2001, also is untimely with respect to the February 20, 2001, entry of judgment.
{¶ 14} Appeal dismissed.
{¶ 15} This cause is dismissed. It is, therefore, considered that said appellee recover of said appellant her costs herein.
{¶ 16} The court finds there were reasonable grounds for this appeal.
{¶ 17} It is ordered that a special mandate be sent to the Domestic Relations Division of the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
{¶ 18} A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, J., and MICHAEL J. CORRIGAN, P.J. CONCUR (SeeConcurring Opinion, Corrigan, P.J.).
[1] Vanest v. Pillsbury Co. (1997), 124 Ohio App.3d 525, 534,706 N.E.2d 825, 831.
[2] McCue v. Buckeye Union Ins. Co. (1979), 61 Ohio App.2d 101, 15 O.O.3d 103, 399 N.E.2d 127.
[3] Civ.R. 59(B).