DECISION AND JUDGMENT ENTRY
This appeal comes to us from a judgment issued by the Sandusky County Court No. 2 that awarded damages in a case involving repair work on a residence. Because we conclude that the trial court improperly vacated and modified a final judgment, we reverse.
In October 1998, appellee, Hazel E. Hanson, acting pro se, filed a complaint against, Joseph E. Correa, Jr., d.b.a. ABC Seamless Siding and Windows ("ABC"). The complaint was filed in the Small Claims Division of the Sandusky County Court No. 2. Appellee prayed for a refund of her deposit for siding and repair work to her house. ABC filed a motion to transfer the case to the regular docket of the county court. The motion was granted and the case was transferred.
Appellee, through attorney Thomas Bowlus, filed a motion to amend her complaint. This was granted, and on February 11, 1999, the amended complaint was filed. The complaint alleged ABC's violation of the Ohio Consumer Sales Practices Act and defective work. As to the Consumer Act, appellee prayed for the return of her $3,474 down payment plus interest, costs, treble damages and her attorney fees. As to allegations of defective work, she prayed for $2,660 to repair the faulty work that ABC allegedly performed on her roof. In January 1999, the complaint was amended again to substitute appellant ABC Seamless Siding and Windows, Inc. for defendant Joseph E. Correa, Jr., d.b.a. ABC Seamless Siding and Windows.
A notation on the court's docket reflects that on November 8, 1999, the court received a telephone call advising that an agreed upon entry resolving the dispute would be forthcoming. By March 2, 2000, no such entry had been received by the court and appellee's attorney filed a motion to withdraw as her counsel. The motion was granted.
On June 6, 2000, the Ohio Attorney General ("OAG") filed a motion to intervene on behalf of Hansen, which was granted the next day. On June 22, 1999, ABC filed a motion for leave to file a counterclaim against Hansen for breach of contract, alleging that appellee failed to pay ABC $13,896 for extensive work on her house. The motion was granted and the counterclaim was filed on July 2, 1999.
On June 19, 2000, ABC filed a motion to enforce the settlement reached between the parties and a motion to reconsider the order allowing the OAG to intervene. On July 13, 2000, the court granted ABC's motion to reconsider, vacated its order allowing the OAG to intervene, and set the matter for a hearing to "determine the settlement of the parties." At the September 12, 2000 hearing, the judge ruled that the agreement between the parties, entered into on November 9, 1999, should be reduced to a judgment and that counsel for ABC was to prepare an appropriate judgment entry. ABC's counsel submitted an entry to the court on October 2, 2000, which was filed on October 11, 2000, and journalized on October 16, 2000. This entry does not show personal approval by appellee and states:
"This cause having come before this Court on the 12th day of September, 2000 to determine the settlement of the parties. The court finds that Plaintiff and Defendant were both present, and based on the testimony presented the Court finds that in November, 1999 a settlement agreement was reached between counsel for the Plaintiff and counsel for the Defendant. Said agreement was memorialized in a letter between counsel, dated November 9, 1999. Based on said testimony presented, it is
"THEREFORE ORDERED, ADJUDGED AND DECREED that the settlement of the parties is hereby enforced.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall hire Stewart Brother's Roofing to correct any defects with Plaintiff's roof that Stewart Brother's Roofing determines exists. This includes the repair of any leaks in the roof.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall refund to Plaintiff the amount of $634.00 forthwith, representing the difference between Plaintiff's deposit and the fair market value of Plaintiff's roof.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's Complaint and Defendant's Counterclaim are hereby dismissed with prejudice to all parties."
On November 6, 2000, appellee wrote a letter to the trial court judge which states:
 "1. It is impossible to fix the roof as is now. Our house has no overhang, so the siding must come off to put on insulation and new siding. There just isn't room or siding will be out over roof line (our house is 50 years old. The roof would too short where it joins house[.]
 "2. I have not received any check from ABC Siding and don't want them doing anything to my house because they have caused me much trouble.
 "3. I never ever agreed with the lawer, nor did I ever hire him. So why should I be held responsible for the offer he agreed to." [Sic throughout.]
This letter is not file stamped but is contained in the record on appeal. The docket of this case has two entries concerning this letter, the first dated November 9, 2000 states: "Plaintiff brought in letter and roofing packaging for Judge Hunter"; the second dated November 15, 2000 states: "Judge brought out letter and packaging material and advised that case should be filed." There is no indication that a copy of appellee's post-judgment letter was served on the opposing counsel.
On May 21, 2001, the judge signed a "Civil Judgment Entry" which states, "Show cause why check not issued." A "show cause" hearing was set for June 4, 2001. On May 25, 2001, counsel for ABC sent a letter to the Sandusky County Court No. 2 which states:
 "Enclosed please find a copy of the letter that I previously sent to Ms. Hansen, as well as a copy of the duplicate check that I enclosed [with the letter]. My client has indicated that Ms. Hansen claims that she was not paid pursuant to the judgment. As you can see, I did forward a check to her. If you have any questions, please do not hesitate to contact me." A copy of the letter to appellee and a duplicate of a check in the amount of $634.00 dated November 29, 2000 payable to Helen Hansen are attached to the letter to the court.
On June 4, 2001, a handwritten Civil Judgment Entry was signed by the judge which states:
 "Exact action necessary to carry out duties assigned to Steward Brothers. Set for hearing with defendant attorney. Steward Brothers roofing to do work at [illegible] of defendant. Set for show cause hearing." The typed entry on the docket for this case that corresponds with this judgment entry states:
 "Plaintiff present for hearing — show cause hearing to be scheduled w/defendants attorney. Steward Brothers informed Judge Adams they refused to do work at insistence of Def. Not necessary for plaintiff to be present at hearing."
A show cause hearing was set for June 18, 2001. Following the hearing the judge signed a handwritten judgment entry which states:
"Babcock Roofing and Construction has agreed with ABC to make repairs to stop leaking, if leaks remain after siding is repaired by plaintiff's contractor. ABC to pay Babcock." The next item in the record of this case is a letter from Mel Moyer, General Contractor, to Hansen which is dated August 1, 2001. This letter was filed in this case on September 21, 2001 and states that the total amount due to repair the leaks in Hansen's roof is $3,401.06. On September 27, 2001, a small claims judgment entry was signed by the judge. This entry states:
"Judgment for plaintiff in the amount of $3,401.06 unless defendant requests hearing within 15 days to show cause why amount is not due. * * * Unless otherwise stated, a judgment for plaintiff includes the interest at 10% per annum on the principal amount, from date of judgment until paid and court costs." On October 12, 2001, ABC filed a motion to set aside the judgment of September 27, 2001 and to set the matter for further hearing. A hearing was held on October 29, 2001 after which the court issued a judgment entry which states, in pertinent part:
"The Court is inclined to order the defendant to pay the entire cost of replacing the roof, however, a review of the file indicates that the Defendant only received $3,474.00 for the job and has already had to repay the sum of $634.00. If the remaining balance of $2,840.00 is awarded to Plaintiff, each party is returned to where they were when this relationship started, except they both now have a loss. Defendant is out the cost of attempting to install a roof. Plaintiff is at a loss for the difference between $2840.00 and the actual cost of replacing the roof.
"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that judgment be granted to the Plaintiff and [sic] the amount of $2840.00, the balance of the deposit as a partial payment for the inspection and repair costs accepted by the Defendant as previously ordered." This entry was journalized on December 20, 2001.
Appellant now appeals, setting forth the following two assignments of error:
 "1. The Court erred in holding a hearing and modifying the Final Judgment Entry of the court that was entered on October 16, 2000.
 "2. The Court erred in granting the Plaintiff/Appellee a Judgment against the Defendant/Appellant in the amount of $2,840.00 as said decision of the Court was against the manifest weight of the evidence."
Appellant, in his first assignment of error, argues that the trial court erred in vacating and modifying the judgment entered on October 16, 2001. We agree.
It has been held that "Civil Rule 60 provides the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment." McCue v. Ins. Co. (1979),61 Ohio App.2d 101, 104. See, also, Pitts v. Ohio Dept. of Transp. (1981), 76 Ohio St.2d 378, 380. In State ex rel. Boardwalk ShoppingCtr., Inc. v. Court of Appeals for Cuyahoga Cty. (1990), 56 Ohio St.3d 33,35-36, the court stated:"[I]n effect, relators' attorney obtained a favorable ruling on a de facto and ex parte motion to reconsider the original judgment, a practice we disapproved in Pitts v. Dept. ofTransp. (1981), 67 Ohio St.2d 378 * * *. In Pitts, we held that only the granting of a motion under Civ.R. 50(B) (motion for judgment notwithstanding verdict) or Civ.R. 59 (motion for a new trial) would toll the thirty-day limit after judgment to file an appeal. See App.R. 4(A). Although App.R. 4(A) has been expanded and now also refers to Civ.R. 53(E)(7) and Juv.R. 40(D)(7) (motions to vacate or modify a referee's report) and Civ.R. 52 (motion for findings of fact and conclusions of law), as rules that also will toll the running of the appeal time, relators filed none of these motions, and the principle of Pitts remains the same. * * *.
"Moreover, Civ.R. 60(B) specifies that `[t]he procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules.' No Civil Rule authorizes `explaining' matters to a trial court and persuading it to vacate a judgment * * *. * * * [R]elators should have filed a motion for relief from judgment under Civ.R. 60(B) * * *."
In this case, the clerk of courts served all parties with notice of the judgment and its date of entry on the journal on October 17, 2000. This judgment entry resolved and disposed of all claims and counterclaims between the parties and is a final entry of judgment pursuant to Civ.R. 58. As such, once the judgment was entered on the journal, it could not be vacated by any means other than a Civ.R. 60 motion for relief from judgment. Nevertheless, the trial court used plaintiff's ex parte letter to reopen the case and revise the final judgment. Therefore, all judgments issued by the trial court after October 16, 2000 are rulings on a de facto and ex parte motion for reconsideration. As such, they are void.
Accordingly, appellant's first assignment of error is well-taken. Our determination of appellant's first assignment of error renders the second assignment of error moot.
The judgment of the Sandusky County Court No. 2 is reversed. The case is remanded for proceedings consistent with this decision. Court costs of this appeal are assessed to appellee.
JUDGMENT REVERSED.
Peter M. Handwork, J., Melvin L. Resnick, J., and James R. Sherck, J., CONCUR.