JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, David C. Sherman, Esq., appeals from the judgment of the Common Pleas Court which granted the motion for reconsideration of plaintiff-appellee, Rita Forman, and reinstated a default judgment against Sherman in the amount of $21,000, plus interest and costs. For the reasons that follow, we vacate the judgment and remand this matter for further proceedings.
 {¶ 2} On July 31, 2001, Forman brought suit against Sherman, alleging that, pursuant to an oral contract with Sherman, she had paid him a retainer fee of $16,000 in consideration of his agreement to represent her in a criminal matter commencing in the Rocky River Municipal Court. Forman alleged that Sherman had breached the contract by failing to provide her with the promised professional services and failing to return the balance of the retainer fee after she terminated Sherman's representation.
 {¶ 3} On October 23, 2001, Forman filed a motion for default judgment, asserting that Sherman had failed to answer the complaint. The trial court set the motion for hearing in November, but subsequently granted Sherman's motion to continue the hearing and for leave to file his answer. The court entered the following order:
 {¶ 4} "Deft's motion to continue is granted. Default hrg. set 11/09/01 continued. Deft granted leave through 12/17/01 to file answer. No further continuances. PT/default hearing continued to 12/17/01 at 9:00 a.m. Failure of deft to file answer by 12/07/01 or failure of deft to appear at PT/DH set 12/17/01 at 9:00 a.m. or any subsequently set date will result in sanctions, including default and/or plt proceeding ex parte pursuant to Local R.21(III)(H). No further continuances of PT/DH." (Emphasis added.)
 {¶ 5} Sherman filed an answer on December 17, 2001, but the next day, the trial court entered an order granting Forman's motion for default judgment as follows:
 {¶ 6} "Plt's motion for default judgment is granted. Case called for default hrg on 12-17-01. Pltf appears. Deft appears 45 minutes late 
after hearing already concluded. Deft failed to answer by 12-7-01 as previously notified by phone JE. Plt's motion for default granted. Default judgment entered for Pltf Rita Forman against Deft David C. Sherman in the amnt of $21,000 plus interest costs. Final."
 {¶ 7} On December 17, 2002, Sherman filed a motion to vacate the default judgment and for relief from judgment pursuant to Civ.R. 60(B). In his motion, Sherman alleged that from August 2001 through mid-January 2001, he had adequately represented Forman in Rocky River Municipal Court and in the defense of multiple felony indictments in the Cuyahoga County Common Pleas Court regarding Forman's drunken attack on a police officer. He further alleged that, just prior to 9:00 a.m. on December 17, 2001, his legal assistant had telephoned the judge's bailiff and advised him that he (Sherman) would be slightly delayed that morning due to poor weather conditions and his ongoing medical problems. Sherman's legal assistant called the judge's bailiff two more times that morning to advise that Sherman was in the Justice Center, but delayed by long lines at the metal detectors and the elevators. Sherman further asserted that he had timely filed his answer on December 17, 2001, as ordered by the court.
 {¶ 8} On February 6, 2003, the trial court entered an order granting Sherman's motion as follows:
 {¶ 9} "Deft's motion to vacate the default judgment of December 17, 2001 and for relief from judgment under Civil Rule 60(B) ORCP (filed 12-17-02) as well as deft's amended and supplemental motion (filed 12-23-02) are unopposed and granted. Deft Sherman's motion is well-taken by this court. Journal entry dated 11-9-01 found in Vol. 266 Pg. 0425 clearly states that deft Sherman had through 12-17-01 to answer the Pltf's complaint. The court's docket shows that deft in fact filed his answer on 12-17-01, as does deft's motion. As the answer was clearly filed on 12-17-01, it was timely filed. Further, as there was no brief in opposition to this motion, the court has only the deft's motion for its review. As such, deft's delay due to illness, poor weather conditions and excessive delay due to heightened security post 9-11-01 in the Justice Center, are all reasonable reasons for deft's delay in attending the 12-17-01 default hearing. As such this case, is set for pre-trial on 3-12-03 at 10:30 a.m."
 {¶ 10} Forman immediately filed a motion for reconsideration of the court's order, arguing that she had timely filed a brief in opposition to Sherman's motion and requesting a hearing. The record reflects that the trial court held a pretrial on March 12, 2003, after which it entered an order setting a hearing on Forman's motion for reconsideration for May 13, 2003.
 {¶ 11} The docket does not indicate that a hearing or any other further proceedings in the case were ever held. Nevertheless, sixteen months later, on July 27, 2004, the trial court inexplicably entered an order stating: "Motion of James W. Burke for reconsideration, plaintiff, filed 2/26/03, is granted. As such, default judgment originally entered in this matter is reinstated."
 {¶ 12} It is from this order that Sherman now appeals.
 {¶ 13} In his second assignment of error, Sherman contends that the trial court order granting Forman's motion for reconsideration is void. We agree.
 {¶ 14} It is well-settled that "an order of the trial court pursuant to Civ.R. 60(B), setting aside a default judgment, is clearly * * * a final, appealable order." GTE Automatic Electric v. ARC Industries
(1976), 47 Ohio St.2d 146, 150. Moreover, "the Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court," and, accordingly, "all judgments or final orders from said motion are a nullity." Pitts v. Ohio Dept. of Transp.
(1981), 67 Ohio St.2d 378, paragraph one of the syllabus. It is apparent, therefore, that because the trial court's order vacating the default judgment was a final judgment, the court's order granting Forman's motion for reconsideration is void.
 {¶ 15} App.R. 4(A) requires that an appeal be filed within 30 days after the entry of a final judgment or order. It is axiomatic that the filing of a motion for reconsideration after a final appealable order does not suspend the time for filing a notice of appeal. ConsolidatedRail Corp. v. Forest Cartage Co. (1990), 68 Ohio App.3d 333, 338. Thus, if Forman wished to challenge the trial court's order vacating the default judgment against Sherman, she should have appealed the judgment within 30 days of the entry of the order, rather than filing a motion for reconsideration.
 {¶ 16} Apparently recognizing her error, Forman argues that Sherman cannot now challenge the trial court's order reinstating the default judgment because he should have appealed the trial court's order granting default judgment against him. Forman also argues that Sherman could not utilize a Civ.R. 60(B) motion to challenge the default judgment, and, further, even if the Civ.R. 60(B) motion were proper, the trial court erred in granting the motion because Sherman did not meet the requirements of Civ.R. 60(B). We are not persuaded.
 {¶ 17} "Civil Rule 60(B) provides the exclusive grounds which must be present and the procedure which must be followed in order for a court to vacate its own judgment." McCue v. Buckeye Union Ins. (1979),61 Ohio App.2d 101, syllabus. It provides that a court may relieve a party from a judgment or order of the court when certain requirements are met:
 {¶ 18} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: 1) mistake, inadvertence, surprise or excusable neglect; 2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation or other misconduct of an adverse party; 4) the judgment has been satisfied, released or discharged * * *; or 5) any other reason justifying relief from the judgment."
 {¶ 19} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate that: 1) he has a meritorious claim or defense; 2) he is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and 3) the motion is made within a reasonable time. GTE Electric, supra, paragraph two of the syllabus.
 {¶ 20} A trial court has discretion in determining whether to grant a Civ.R. 60(B) motion for relief from judgment. Rose Chevrolet v. Adams
(1988), 36 Ohio St.3d 17, 20. Thus, a trial court's decision regarding a Civ.R. 60(B) motion will not be reversed on appeal absent a showing of abuse of discretion. Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 11.
 {¶ 21} In his motion, Sherman asserted that he had ably represented Forman for five months, including negotiating a potential plea agreement for her. Sherman contended that although Forman and her family were initially pleased with his efforts, he was discharged after she and her family disagreed with him regarding the defense of voluntary intoxication and insisted, despite the facts, that Sherman argue that the police officer was lying about Forman's alleged attack and resultant injuries.
 {¶ 22} Sherman also asserted that he had timely filed his answer on December 17, 2001, as ordered by the court and, moreover, that the law clerk who handled the default hearing was well aware that he was on his way to the hearing and delayed by circumstances beyond his control, but refused to wait for him.
 {¶ 23} In light of these assertions, the trial court did not abuse its discretion in granting Sherman's Civ.R. 60(B) motion to vacate the default judgment. Sherman demonstrated that he had a meritorious defense to Forman's allegations. He also demonstrated that he was entitled to relief under Civ.R. 60(B)(5) because, in granting the default judgment, the trial court had incorrectly determined that his answer was not timely filed. Additionally, Sherman's motion, which was filed less than one year after the default judgment was entered, was timely by one day. Moreover, any argument that Sherman's motion was not timely is not appropriately raised in this appeal but should have been raised in an appeal from the trial court's order granting the Civ.R. 60(B) motion.
 {¶ 24} Appellant's second assignment of error is sustained. The trial court's order reinstating the default judgment against Sherman is void and, therefore, the judgment is vacated and the matter remanded to the trial court for disposition on the merits.
 {¶ 25} In light of our resolution of appellant's second assignment of error, appellant's first assignment of error is moot and, therefore, we need not consider it. See App.R. 12(A)(1)(c).
Vacated and remanded.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, P.J. and Corrigan, J., Concur.